**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

| | |
|---|---|
| RYAN DAVID, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>I SQUARED LOGISTICS LLC,<br><br>Defendant. | Civ. A. No. 5:25-cv-824 |

**CLASS ACTION COMPLAINT**
**FOR VIOLATION OF WARN ACT 29 U.S.C. § 2101, *et seq*.**

Plaintiff Ryan David ("Plaintiff"), through the undersigned counsel, alleges on behalf of himself and a putative class of similarly situated former employees by way of this Class Action Complaint against I Squared Logistics LLC (the "Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff was terminated along with an estimated 160 other similarly situated employees as part of, or as the foreseeable result of a mass layoff or plant closing ordered by Defendant on December 13, 2025, and within 90 days of that date.

2. Defendant failed to give Plaintiff and those similarly situated employees 60 days' advance notice of their terminations, as required the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq*. (the "WARN Act").

3. Plaintiff seeks to enforce the WARN Act's statutory remedy of 60 days' back pay

and benefits for himself and those similarly situated, pursuant to 29 U.S.C. § 2104, for the Defendant's failure to provide WARN notice prior to their terminations.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 2104(a)(5).

5. Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

***Plaintiff***

6. At all relevant times, Plaintiff worked for Defendant as a delivery driver.

7. Plaintiff is a resident of the state of North Carolina.

8. Plaintiff worked at, reported to, or received assignments from Defendant's facility located at 1201 N Greenfield Pkwy, Garner, NC 27529 (the "Facility") until his termination on or about December 13, 2025.

9. On or about December 13, 2025, Plaintiff learned of his termination, effective immediately, as part of a mass layoff and/or plant closing ordered by Defendant.

10. At no time prior to December 13, 2025 did Plaintiff receive written notice that his employment would be terminated.

11. Plaintiff was terminated without cause.

12. On information and belief, along with Plaintiff, Defendant also terminated about 160 similarly situated employees without cause on or about December 13, 2025.

13. On information and belief, none of the other similarly situated former employees received 60 days' advance written notice of their terminations.

***Defendant***

14. Upon information and belief, at all relevant times, Defendant operates a business that provides logistics and delivery services for its clients, including Amazon.

15. Upon information and belief, Defendant is a registered North Carolina limited liability corporation with its principal place of business located at 644 Holly Springs Road, Suite 102, Holly Springs, NC 27540.

16. At all relevant times, Defendant conducted business operations from the Facility located at 1201 N Greenfield Pkwy, Garner, NC 27529.

17. Upon information and belief, the principals of Defendant are Bhavesh Patel and Mithun Patel.

18. Upon information and belief, Defendant employed more than 100 full time employees who worked at, reported to, or received assignments from the Facility until about December 13, 2025.

19. Under the WARN Act, an employer must provide 60 days' notice before terminating 50 or more employees in a plant closing. As a result of ordering the mass layoff or closing of the Facility, Defendant terminated its employees within 90 days of December 13, 2025, without 60 days' notice, in violation of the WARN Act.

20. Upon information and belief, on December 13, 2025, and within 90 days of that date, approximately 160 affected employees of the Facility who were entitled to WARN notice (including Plaintiff) suffered job losses as a result of the mass layoff and/or closing of the Facility without adequate notice.

## REPRESENTATIVE AND CLASS ALLEGATIONS

21. Plaintiff brings this representative action for relief for violation of 29 U.S.C. § 2101

*et seq*., suing for himself and all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5), who worked at, reported to, or received assignments from the Facility, who were terminated without cause within 90 days of December 13, 2025, or as the reasonably foreseeable consequence of the mass layoff and/or plant closing ordered by Defendant on December 13, 2025, and who are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

22. Plaintiff seeks to bring forward these claims utilizing the Federal Rules of Civil Procedure, Rule 23(a) and (b)(3), to seek certification of an opt-out class (the "WARN Class").

23. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, it is estimated to be about 160 individuals. On information and belief, the number and identity of the WARN Class Member are within the sole control of Defendant.

24. On information and belief, the rate of pay and benefits that were being paid to each WARN Class Member at the time of his/her termination is contained in the books and records of Defendant.

25. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

> (a) whether the members of the WARN Class were employees of Defendant who worked at, received assignments from, or reported to the Facility;
>
> (b) whether Defendant unlawfully terminated the employment of the members of the WARN Class without cause and without 60 days' advance written notice in violation of the WARN Act; and
>
> (c) whether Defendant unlawfully failed to pay the WARN Class members 60 days' wages and benefits as required by the WARN Act.

26. Plaintiff's claims are typical of those of the WARN Class. Plaintiff, like other

WARN Class members, who worked at, reported to, or received assignments from the Facility, and were terminated without cause within 90 days of December 13, 2025, due to the mass layoffs and/or plant closings ordered by Defendant.

27. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business until deciding to order a mass layoff or plant closing of the Facility.

28. Plaintiff will fairly and adequately protect the interests of the WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and other statutory employment claims.

29. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and facts common to the WARN Class predominate over questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. This is particularly so in the context of WARN Act litigation, where an individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and the damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

30. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

31. Plaintiff intends to send notice to all members of the WARN Class to the extent

required by Rule 23.

**<u>CLAIM FOR RELIEF</u>**

**Violation of the WARN Act, 29 U.S.C. § 2101 *et seq*.**

32. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

33. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

34. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639.3(a) and continued to operate as a business until it decided to order mass layoffs or plant closings of the Facility.

35. At all relevant times, Plaintiff and the WARN Class Members were "affected employees" of Defendant as that term is defined by 29 U.S.C. § 2101(a)(5).

36. On or around December 13, 2025, Defendant ordered a mass layoff or plant closing of the Facility, as that term is defined by 29 U.S.C. § 210l(a)(2) and 20 C.F.R. § 639.3(j).

37. The mass layoffs or plant closings of the Facility resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees.

38. Plaintiff and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closings ordered by Defendant of the Facility.

39. Defendant was required by the WARN Act to give Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

40. Defendant failed to give Plaintiff and the Class Members written notice that complied with the requirements of the WARN Act.

41. Plaintiff and each of the Class Members are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104(a)(7).

42. Defendant failed to pay Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued paid time off for 60 days following their respective terminations, and failed to provide employee benefits including health insurance, for 60 days from and after the dates of their respective terminations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendant:

A. Certification of this action as a class action;

B. Designation of Plaintiff as Class Representative;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of Plaintiff and each of the affected employees equal to the sum of: their unpaid wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for up to 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period all determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(A);

E. Reasonable attorneys' fees and the costs and disbursements that Plaintiff will incur in prosecuting this action, as authorized by the federal WARN Act, 29 U.S.C. § 2104(a)(6);

F. Interest as allowed by law on the amounts owed under the preceding paragraphs; and

G. Such other and further relief as this Court may deem just and proper.

Dated: December 19, 2025


s/ Michael J. Allen
Michael J. Allen
North Carolina State Bar No. 18030
**CARRUTHERS & ROTH, P. A.**
235 North Edgeworth Street (zip code 27401)
Post Office Box 540
Greensboro, North Carolina 27402
Telephone: 336-379-8651
Facsimile: 336-273-7885
Email: mja@crlaw.com
*Local Rule 83.1 Attorneys*

Jack A. Raisner *(pro hac vice forthcoming)*
René S. Roupinian *(pro hac vice forthcoming)*
**RAISNER ROUPINIAN LLP**
270 Madison Avenue, Suite 1801
New York, New York 10016
Telephone: (212) 221-1747
Facsimile: (212) 221-1747
Email: jar@raisnerroupinian.com
Email: rsr@raisnerroupinian.com

*Attorneys for Plaintiff and the other similarly situated former employees*